**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

MAGDALENE BERRY, and
NATASHA WILLIAMS, individually
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                    CASE NO.:  2:24-cv-00085-RWS

RYZE CLAIM SOLUTIONS LLC, a
foreign limited liability company,

    Defendant.

_____/

**FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT FOR**
**OVERTIME WAGES**

    Plaintiffs, MAGDALENE BERRY and NATASHA WILLIAMS, individually and on behalf of all other similarly situated persons working as contracted Claims Adjusters herein sues Defendant, RYZE CLAIM SOLUTIONS, LLC, ("RYZE" or "Defendant"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA") and states as follows:

**RECITATION OF FACTS**

    1.    Plaintiff BERRY, Plaintiff WILLIAMS and the class of similarly situated current and former Claims Adjusters all performed work for RYZE in a remote capacity and we classified and treated as independent contractors.

2.      Defendant has engaged in a willful scheme to avoid its pay obligations under the FLSA in order to save millions of dollars in labor costs and increase profits.

3.      The Claims Adjuster's primary function was to evaluate insurance claims and seek to resolve them by agreement.

4.      Plaintiffs were compensated on a piece-rate amount.

5.      To avoid its obligations under the Fair Labor Standards Act ("FLSA"), Defendant willfully misclassified Plaintiffs and numerous other Claims Adjusters as independent contractors. As a result of this misclassification, no effort was made to compensate Plaintiff BERRY, Plaintiff WILLIAMS or all other Claims Adjusters for hours worked over 40 in any work week.

6.      Plaintiffs bring this lawsuit on behalf of themselves and all other similarly-situated contractor Claims Adjusters who worked for Defendant across the U.S. and its territories.

7.      Plaintiffs BERRY and WILLIAMS and the class of similarly situated contractor claims adjusters did not perform work that meets the definition of any exemption under the FLSA.

8.      Defendant directed and controlled the work of Plaintiffs, set their compensation, created rules, procedures and dictated all conditions of work, including their work schedules, such that they were in fact and reality employees of

defendant.

9.     Defendant's blanket misclassification of Claims Adjusters as Independent Contractors constitutes a common policy and practice applicable to Plaintiffs and all similarly situated putative Claims Adjusters, nationwide.

10.     This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiffs and on behalf of all other similarly situated class members.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b).

12.     This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

13.     This Court has personal jurisdiction over the Defendant under Georgia's Long Arm Statute, Georgia Code §9-10-91, as Defendant transacts business in the District and employed Plaintiff and other contractors within the State of Georgia.

14.     Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events or omissions giving rise to this action occurred within this District.

15.     The overtime wage provisions set forth in FLSA § 207 apply to Defendant, as RYZE was an employer engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant earned more than $500,000 in revenue during the year 2023 as well.

**PARTIES**

**THE PLAINTIFFS:**

16.     Plaintiff BERRY is a resident of McKinney, Texas, and was hired as a "Claims Adjuster" by RYZE beginning in July of 2023 under an "independent contractor agreement".

17.     Plaintiff BERRY worked remotely from her home.

18.     Plaintiff BERRY was compensated by Defendant on a piece-rate basis, being paid $385 per claim closed, for the duration of her work for Defendant.

19.     Plaintiff BERRY ended her contractual relationship with Defendant in November 2023.

20.     Plaintiff WILLIAMS is a resident of Statham, Georgia, and worked for Defendant as an independent contractor Claims Adjuster beginning in March of 2023.

21.     Plaintiff WILLIAMS worked remotely from her home.

22.    Plaintiff WILLIAMS was compensated by Defendant at a day-rate basis of $350 per day and a piece-rate basis of $385 per claim closed, for the duration of her employment.

23.    Plaintiff WILLIAMS ended her contractual relationship with Defendant in October 2023.

24.    At all times relevant to this action, Plaintiffs were in reality employees of Defendant and the work and relationship fails to meet the definition of an independent contractor under the FLSA.

25.    Throughout the period of time Plaintiffs performed work on behalf of Defendant, they routinely worked in excess of 40 hours per week.

26.    Despite the economic reality of the relationship, Defendant willfully failed to pay Plaintiffs, and other similarly situated Claims Adjusters, overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

27.    In 2018, Defendant faced a similar claim under the FLSA for misclassification of claims adjusters in the case of Templar v. Ryze Claim Solutions, LLC., Case No. 8:18-cv-01485-EAK-CPT, in the US. District Court of the Middle District of Florida, Tampa Division.

28.    Defendant settled the claim with Templar in a settlement order approved on October 3, 2018, paying Plaintiff $3500 in wages for her overtime

claim.

29.     Additionally, in 2018, Defendant faced another similar claim in the case of <u>Billings v. Ryze Claim Solutions, LLC.</u>, Case No. 1:18-cv-01767-JMS-MJD, in the U.S. District Court of the Southern District of Indiana, Indianapolis Division.

30.     In <u>Billings v. Ryze</u>, the Defendant was accused, among a variety of other claims, of misclassifying claims adjusters to avoid paying overtime in violation of the FLSA. The lawsuit resulted in a class action claim involving 25 plaintiffs. This case settled for an amount of $203,314.65, not including attorneys' fees and costs or the enhancement award for the primary litigant on or about June 10, 2022.

31.     Thus, Defendant is no stranger to engaging in schemes to avoid its overtime pay obligations.

32.     Having twice previously faced legal jeopardy over its failure to properly classify workers as employees for purposes of compliance with the commands of the FLSA, Defendants' actions in misclassifying Claims Adjusters as independent contractors must be considered to be a willful violation of the FLSA.

33.     Plaintiffs, with the filing of this Complaint, herein consent to join this action and to proceed collectively.

**<u>DEFENDANT RYZE CLAIM SOLUTIONS LLC</u>**

34.     Defendant Ryze Claim Solutions, LLC., is a foreign limited liability company with a principal office located at 14701 Cumberland Road, Suite 300, Noblesville, IN 46060. Defendant Ryze may be served through its designated registered agent, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

35.     Ryze Claim Solutions, LLC., is a national and privately held claims services firm which provides residential and commercial property adjusting services throughout the United States.

36.     Upon information and belief, Ryze has more than 1000 employees across the United States with offices in nearly every state.

37.     At all times material hereto, Defendant was an "employer" who "employed" Plaintiffs within the meaning of the FLSA in that the Defendant permitted or suffered to work Plaintiffs, and other similarly situated Claims Adjusters, in providing claims adjusting services on a national basis.

38.     Furthermore, Defendant employed Plaintiffs, and other similarly situated Claims Adjusters, in an enterprise engaged in commerce by processing insurance claims across state lines.  See 29 U.S.C. § 203(s)(1).

## STATEMENT OF GENERAL FACTS

39.     Plaintiffs BERRY and WILLIAMS were hired as independent contractors to work for Defendant in the position of a Claims Adjuster processing

and handling property and casualty claims.

40.    Plaintiffs, and other similarly situated Claims Adjusters, were hired ostensibly as independent contractors to provide insurance adjuster services to the general public among other services.

41.    During their tenure, Plaintiffs and similarly situated class members regularly worked in excess of forty (40) hours within a work week without the payment of any overtime compensation.

42.    Defendant contractually agreed to pay Plaintiffs, and all other similarly situated Claims Adjusters on a piece-rate and/or day-rate basis to perform adjustment services on insurance claims, the compensation of which is set forth in their respective independent contractor agreements.

43.    Plaintiffs were hired on a take it or leave it, non-negotiable independent contractor relationship arrangement, and were not offered the opportunity to be employees.

44.    Upon information and belief, Defendant hires the majority of its claims adjusters as independent contractors, and not employees.

45.    Defendant knew or should have known that Plaintiffs were properly classified as employees, not independent contractors, because: (a) Plaintiffs had have no control over their rates of pay as the same is dictated by Defendant and which was on a take or leave it basis; (b) Plaintiffs were assigned files and claims

Plaintiffs to handle without discretion of the Plaintiffs whether to accept or reject the assignment; (c) Plaintiffs had no discretion or say in what to charge the customers or clients whose claims were being adjusted or for the work or services performed, and they did not invoice any party for their work and services; d) their work performance was closely monitored, controlled, and supervised by Defendant on a daily basis; (d) Defendant dictated the quantity and quality of work performed by Plaintiffs; (e) Plaintiffs and the other class members do not have the opportunity to work for other insurance companies or third party claims administrators during their tenure of their work for Defendant; f) Plaintiffs could not delegate work to other persons or their own contractors or employees'; and g) were provided "take it or leave it" independent contractor agreements, the terms of which were non-negotiable.

46.    Additionally, at all times material, Plaintiffs were not incorporated in their own business, and always held themselves out to the public as Ryze representatives, not as or associated with their own businesses or entities or claims adjusting company.

47.    Upon information and belief, Defendant has classified most if not all Claims Adjusters as "independent contractors," nationwide, without any individualized analysis as to whether their work met the elements or definition of an independent contractor.

48.    Plaintiffs and the class members were not paid on a salary basis and thus fail the elements of the administrative and executive exemptions.

49.    Plaintiffs and the class members were not exempt from overtime under any white-collar exemptions to the FLSA.

50.    Plaintiffs and the putative class members should have been compensated at the rate of one and one-half times their regular rate of pay for those hours that Plaintiffs worked in excess of forty (40) hours per week, as required by the FLSA.

51.    From the commencement of Plaintiffs' tenure through their separation, Defendant failed to pay Plaintiffs and other Claims Adjusters overtime premiums for hours worked over 40 in any workweeks as mandated under the FLSA.

52.    Defendant has known that Plaintiffs and all similarly situated claims adjusters performed overtime work without proper compensation and Defendant chose to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA, and despite having at least twice previously been confronted with this issue by claims adjusters.

53.    Plaintiffs have retained the law firm of FELDMAN LEGAL GROUP to represent them and the putative class in the litigation, and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs 1 through 53 as if fully set forth herein.

55.     Plaintiffs bring this collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all others similarly situated defined as:

**All persons who performed work for RYZE CLAIM SOLUTIONS INC. as Claims Adjusters under an independent contractor relationship at any time during the three (3) years preceding the filing of this case to the present day anywhere in the United States and its territories.**

56.     Plaintiffs, individually and on behalf of all other similarly-situated persons seek relief on a collective basis challenging, among other FLSA violations, Defendant's unlawful, common pay practice of classifying Claims Adjusters as independent contractors and for failing to pay them overtime premiums.

57.     Upon information and belief, Defendant had 200 or more independent contractor claims adjusters working for it during the preceding 3 years, such that with turnover the class or collective may be upwards of 500 or more persons.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT (FLSA)

58.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs 1 through 53 as if fully stated herein.

59.     Plaintiffs, and all other similarly situated individuals, were hired by Defendant under the label of independent contractors as Claims Adjusters,

providing claims adjusting services on a national basis and as part of Defendant's

enterprise providing those services on a national basis.

60.     Plaintiffs worked on a piece-rate basis on behalf of the Defendant and

routinely worked in excess of 40 hours per workweek throughout the terms of their

relationship with Defendant.

61.     Despite the label of independent contractors, Plaintiff were, in reality,

employees of the Defendant in that they were economically dependent on

Defendant for work.

62.     Plaintiffs could not set their own work schedules and come and go as

they pleased with the regards to their work schedules, and any time off from work

required approval by Defendant.

63.     Taking all the facts involved as stated above and herein, Plaintiffs'

work fails to meet the definition of independent contractors.

64.     Plaintiffs routinely were required to work more than 40 hours a week

throughout the terms of their work for Defendant, and likewise, Defendant knew

they were working more than 40 hours during their workweeks.

65.     Defendant had an obligation to compensate Claims Adjusters in an

amount of one and one-half times their regular rates of pay for every hour worked

over 40 hours in any given workweek but willfully chose not to.

66.     Defendant did not compensate Claims Adjusters for all their hours

worked for Defendant in excess of forty (40) per week as required by §207 of the FLSA, based on Defendant's misclassification of these individuals as "independent contractors."

67.    Claims Adjusters were victims of a common illegal policy and plan by Defendant to deny them overtime compensation required by the FLSA.

68.    Defendant's failure to Plaintiffs and all other similarly situated Claims Adjusters in accordance with §207 of the FLSA was and is, a willful disregard of the overtime wage compensation requirements of the FLSA.

69.    As a result of Defendant's willful failure to compensate Plaintiffs and all other similarly situated Claims Adjusters, Plaintiffs suffered economic damages.

70.    Plaintiffs, on behalf of themselves and other Claims Adjusters seeks unpaid overtime compensation in an amount to be determined at trial, as well as an equal amount of liquidated damages (or pre-judgment interest in the event of liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all past and present Claims Adjusters who worked for Defendant in the three (3) years preceding the filing of this complaint to the present, demand judgment against Defendant and prays this Court grant the following relief:

a.    Designation of this action as a collective action.

b.    That Plaintiffs be authorized to give notice of this collective action, or that this Court issue such notice at the earliest possible time to all past and present Claims Adjusters working for Ryze at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.    Designation of the Named Plaintiffs as Representatives of the Collective;

d.    That all past and present Claims Adjusters be informed of the nature of this collective action and notified of their right to join this lawsuit if they believe that they were or are misclassified as an independent contractor;

e.    That the Court find and declare Defendant's actions a violation of the overtime compensation provisions of the FLSA;

f.    That the Court find and declare Defendant's violations of the FLSA were and are willful;

g.    That the Court enjoin Defendant, pursuant to 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to

members of the Collective or Class and Order Defendant to reclassify claims adjusters as employees;

h.   That the Court award to Plaintiffs and all others who consent to join this FLSA collective action overtime compensation at a rate of one and one-half times their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

i.   That the Court award Plaintiffs and all other person who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

j.   That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failing to properly and accurately record all hours worked by non-exempt employees, as well as issue an INJUNCTION barring the Defendant from further violating the FLSA by misclassifying employees as independent contractors;

k.    That the Court award any other legal and equitable relief as this Court

may deem appropriate, including the value of underpaid matching

funds in company pension or 401k plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by this Complaint and on all

other issues so triable.

Dated: April 26, 2024

/s/ *Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Georgia Bar. No. 257791
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiffs and all
others similarly situated*